IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAYMOND W. BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-1447-RLV |
| BARACK OBAMA, et al., | : | |
| | : | |
| Defendants. | : | |

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 10th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAYMOND W. BROWN, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-1447-RLV |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BARACK OBAMA, et al., | : | |
| | : | **ORDER AND REPORT AND** |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff, acting *pro se*, seeks leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). The Application to Proceed in District Court without Prepaying Fees or Costs [3] indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [3] is **GRANTED**.

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. *See* Fed. R. Civ. P. 4(c)(3). In the instant action, however, the allegations in Plaintiff's Complaint suggest that the Plaintiff's claims either are frivolous or fail to state a claim, and if so, the Court must dismiss the action without ordering service by the Marshal's Service. Accordingly, the Clerk is **DIRECTED** to refrain from

forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge orders otherwise.

Under 28 U.S.C. § 1915(e)(2), a federal court must review an *in forma pauperis* complaint to determine whether the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In order to state a claim for which relief may be granted, a plaintiff may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, there must be sufficient facts to demonstrate that the claim made is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory statements are not facts that can make a claim plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

In the instant action, Plaintiff asserts that Georgia's sex offender registration legislation is unconstitutional insofar as it violates the Ex Post Facto Clause and infringes on his rights under the 5th, 6th, 8th, 13th, and 14th Amendments. Plaintiff

2

has thus attempted to state a claim against the State of Georgia under 42 U.S.C. § 1983 for violating his constitutional rights by enforcing its sex offender registration law.[1]  Plaintiff has not alleged that any federal entities have taken any action to enforce the Georgia law or otherwise affected him.  Thus, the named Defendants that are federal and not state entities, President Barack Obama and the Federal Bureau of Investigation, are not properly named as parties in this action.  Moreover, former Governor of Georgia Sonny Perdue may not be sued under § 1983, since he is an individual who no longer acts in any capacity on behalf of the State.  Plaintiff's claims against Barack Obama, Sonny Perdue, and the Federal Bureau of Investigation therefore lack any arguable basis either in law or in fact, and accordingly, Plaintiff's claims should be dismissed as frivolous against those parties.

In addition, the gravamen of all Plaintiff's constitutional claims, whether they be made under Article III, Section 9 of the Constitution (no "ex post facto law shall be passed") or the 5th, 6th, 8th, 13th, or 14th Amendments, is that legislation passed

---

[1] Although Plaintiff's Complaint fails to detail the facts surrounding his sexual criminal history, the Sexual Offender Registration Review Board's records indicate that Plaintiff was sentenced to prison in 1988 after being convicted of child molestation and was released from prison in 2009.  Plaintiff's 2009 prison release, if true, would bring him under the purview of the law requiring registration by all offenders who have "previously been convicted of a criminal offense against a victim who is a minor and may be released from prison . . . on or after July 1, 1996," O.C.G.A. § 42-1-12(e)(3), meaning that his claim could not be that the law has been mistakenly applied, but only that the law is unconstitutional.

3

in 2006 has been applied to him despite the fact that he was convicted of a sex crime and sentenced prior to that date. The Supreme Court held in *Smith v. Doe*, 538 U.S. 84 (2003), however, that retroactive sex offender registration laws do not violate the Ex Post Facto Clause to the extent that the legislature's intent was to enact a civil regulatory scheme that is nonpunitive. Citing *Smith v. Doe*, the Court of Appeals of Georgia held in *Finnicum v. State*, 296 Ga. App. 86 (Ga. App. 2009), that Georgia's sex offender statute was nonpunitive and did not constitute an ex post facto law, but the court declined to decide whether the law violated an offender's constitutional rights to due process or equal protection. In *White v. Baker*, 2010 WL 1009758 (N.D.Ga. Mar 3, 2010) (Duffey, J.), this Court concurred in finding that Georgia's statute was not an ex post facto law, but it struck down certain provisions of the law on other constitutional grounds, finding them vague and overbroad. Thus, while Plaintiff's factual allegations are not entirely clear, the thrust of his Complaint — the ex post facto application of law — has been deemed to fail to state a claim. Plaintiff does not allege that he has been deprived of a constitutional right independent of his ex post facto claim, and he cannot give the same facts independent life merely by alleging they constitute constitutional claims under different names.

Accordingly, although Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [3] is **GRANTED**, the undersigned has reviewed

4

Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) and, finding that Plaintiff's allegations are frivolous and fail to state a claim, **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**.

**IT IS SO ORDERED AND RECOMMENDED** this 10th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE